# OYER AND TERMINER.

## NEW YORK, JANUARY, 1807.

*The People*
v.
*Eleanor Rankin.* } MURDER.

Present—Hon. *Wm. W. Van Ness.*

*Richard Riker*, Esq. District Attorney, for the people.

*Doctor Graham* and *Thomas Addis Emmet*, Esqrs., for the prisoner.

On Saturday came on the trial of Eleanor Rankin, a negro girl, for poisoning her mistress, Margaret Smith, the wife of Wm. H. Smith, of this city.

It appeared by the testimony of Mr. Smith and his daughter, that some ratsbane had been procured by Mrs. Smith, about the 20th of August last, for the purpose of

A confession induced by saying " if you do not tell all you know about the business you will be put in the dark room and hanged," cannot be given in evidence.

'W YORK, Jan. 1807.

The People
v.
Rankin.

killing rats, and had been mixed with some meal. The prisoner was supposed afterwards to have purchased some more. It was placed in the garret where the prisoner slept. Three or four days afterwards the coffee was so disagreeable that the family could not drink it, and it was thrown away. On the morning of the 27th they breakfasted between 8 and 9, and at 11 o'clock Mr. Smith was taken very sick. He came home at 12, and found his wife and daughter unwell.

They were all exceedingly sick at their stomachs, and sent for Doctor Onderdonk. They were confined 10 or 12 days, when all of them were recovering. On the 14th of September, they were all taken sick again in the same manner, and Mrs. Smith died in about four days. There was no other servant in the family. All the family, except the prisoner, were sick both times, and the same symptoms took place in both cases.

Dr. Onderdonk and Dr. Post were examined. They both described the effects of arsenic when taken in the stomach, and they expressed an unequivocal opinion that Mrs. Smith was killed by poisoning with arsenic.

It appeared also that the prisoner was a very subtle, perverse girl, and that on being taken to Bridewell the day before her trial she acknowledged her guilt.

The district attorney then offered the confession of the prisoner, as taken regularly by the public clerk. Mr. O'Blenis proved that it was taken with great care and accuracy, and was perfectly voluntary. It contained, as was stated in court, a full and circumstantial account of the means taken by the prisoner to poison the family, and which agreed, in every essential point, with the facts disclosed by Mr. and Miss Smith.

Here the counsel for the prisoner interposed, and produced Ab. Curtis, one of the marshals, to prove that

the written confession, taken by the police clerk, had been made in consequence of threats used by himself in bringing her to the office. Curtis swore that he had said "if you do not tell all you know about the business, you will be put in the dark room and hanged."

*By the Court.* The confession of a prisoner must be free and voluntary, or it cannot be given in evidence upon his trial. In the case now before the court, it appears the officer who made the arrest, and then had the prisoner in his custody, said to her "if you do not tell all you know about the business, you will be put in the dark room and hanged." This was such a threat as might, and probably did induce a fear and apprehension of her life, and is such a threat as, in the opinion of the Court, destroys the legality of the subsequent examination. A confession upon an official examination, or to other persons, if obtained under the impression of hope or fear, cannot be admitted in evidence, however slight those impressions may be.

The prisoner was acquitted.

Note.—A confession, induced by saying " unless you give us a more satisfactory account, I will take you before a magistrate," will not be received. It amounts to a threat. Rex. v. Thompson, Leach's C. L. 325. So a confession made in consequence of these words: " I am in great distress about my irons, tell me where they are, and I will be favourable to you," will not be admitted, Leach, 328.

It is not necessary to invalidate the confession, that the threat or promise should be made by the magistrate who takes the examination, they may be made by the officer who makes the arrest, or by any private person who has the control for the time being of the prisoner. McNally's Ev. p. 29.

(It ought perhaps to be remarked in this place, that the greatest care and caution should be observed by officers and others who arrest and have the care of persons charged with felony, that they do not hold out any pro-

N'W YORK, Jan. 1807.

The People v. Rankin.

mises, or offer any threats, to induce them to make a con-fession of the crime of which they are charged.   The ex-amination, as has been observed before, must be free and voluntary: any improper threat, promise or representa-tion by the magistrate, or other person who has the con-trol of the prisoner, will vitiate the examination, how-ever slight it may be, because it is impossible to say whe-ther a confession, induced by these means, is not made rather from a motive of fear or interest, than from a sense of guilt.   (See vol. 1. tit. Confession.)

Mr. Capal Loft, the learned editor and amplifier of the last edition of " Gilbert's Law of Evidence," in his read-ing upon the authorities cited from Hale, gives a caution worthy the attention of the minor magistrates.   It ap-pears, therefore, says Mr. Loft, that if any of the requi-site circumstances are wanting in this species of proof (confession) it will be rejected; and on the last circuit Sir George Nares even went farther ; he, though sinking un-der his illness, exerted his accustomed vigilance and be-nevolence in the case where the admissibility of a confes-sion in writing was rendered doubtful, by circumstances, at the time of making it.   If practicable, it may seem always best, where the confession of the prisoner is taken, that it may be in the presence of one or more indifferent persons unconnected with the *prosecutor*, the *magistrate* or pris-oner, at least the two former, and that it may be provable to have been deliberately and freely made.   Gilb. Ev. by Loft, p. 216.)